IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

HARIS KHAN,

     Plaintiff,

v.                                    CASE No. 1:22-cv-73-MW-GRJ

NAVIENT CORPORATION,

     Defendant.

_____/

## **REPORT AND RECOMMENDATION**

Pending before the Court is a Motion for Leave to Proceed *in forma pauperis* filed by *pro se* Plaintiff, Haris Khan ("Khan"), ECF No. 2 ("IFP Motion"), in this civil case brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1642 *et seq*., ECF No. 1. Because the Complaint fails to sufficiently allege facts to support a FDCPA claim, which is the sole claim asserted in this lawsuit, the Complaint is due to be dismissed without prejudice.  And for the reasons explained below the IFP Motion also is due to be denied.

# I. DISCUSSION

In his barebones complaint, Plaintiff alleges the following:  He was co-signor to an unspecified loan (loan #9893614043); he has not made payments on the loan because of unemployment due to COVID-19; and Defendant, Navient Corporation ("Navient"), has "engaged in nonstop automated robocalls at inappropriate hours repeatedly causing damages to the Plaintiff."  ECF No. 1 at 9, 11.

Khan filed a similar lawsuit in this Court on February 17, 2022, on behalf of himself and the other co-signor of a student loan bearing the same loan number as the loan in this action.  *See Haris N. Khan and Sayid Ali v. Navient Corporation*, Case No. 1:22-cv-44-RH-GRJ (N.D. Fla. Feb. 17, 2022).  The complaint in the previous case included much more information about the facts giving rise to Khan's claims against Navient than are included in the complaint in the present case.  The Court dismissed the February 2022 complaint on the grounds that an unrepresented party cannot bring a lawsuit on behalf of anyone other than himself.[1]  *See* ECF No. 5.

---

[1] *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself,'") (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)); *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity). "Although a

Now, Khan has returned to this Court by filing his own separate
lawsuit as directed by the Court.  In the Complaint in the present case,
Khan discloses only the loan number and the year the loan was taken out,
2008.  ECF No. 1 at 9.  Khan provides no details about what type of loan is
at issue, who issued the loan, how much was borrowed, how much was
paid, or how much is owed.  Further, Khan fails to include any allegation
explaining Navient's role as it relates to the loan other than that it has
engaged in "robocalls at in appropriate hours."  ECF No. 1 at 11.  For relief,
Khan seeks damages, including punitive damages,[2] for emotional distress
caused by Navient's "gross and egregious" conduct.  ECF No. 1 at 12.

The FDCPA was enacted "to eliminate abusive debt collection
practices by debt collectors, to insure that those debt collectors who refrain
from using abusive debt collection practices are not competitively
disadvantaged, and to promote consistent State action to protect

---

non-attorney may appear in propria person in his behalf, that privilege is personal to
him." *C.E. Pope Equity Trust*, 818 F.2d at 697.

[2] "Federal common law supports the position that the additional damages outlined by
the FDCPA do not include 'punitive damages and that the discretionary statutory award
is meant to preclude a separate award of punitive damages.'" *Lee v. Security Check,
LLC,* Case No. 3:09-cv-421-J-12TEM, 2009 WL 2044687, *2 (M.D. Fla. Jul. 10, 2009)
(quoting *Thomas v. Pierce, Hamilton, and Stern, Inc.,* 967 F. Supp. 507, 509 (N.D.
Ga.1997)). The FDCPA allows an individual to recover only "actual damages" and
additional damages not to exceed $1,000.  15 U.S.C. § 1692k(a)(1), (a)(2)(A).  A
successful plaintiff is also entitled to "costs of the action, together with a reasonable
attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3).

consumers against debt collection abuses." 15 U.S.C. § 1692(e); *see*

*LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010);

*Brown v. Budget Rent–A–Car Sys., Inc.*, 119 F.3d 922, 924 (11th Cir.

1997) (per curiam); *see also Frazier v. Absolute Collection Serv., Inc.*, 767

F. Supp. 2d 1354, 1363 (N.D. Ga. 2011) ("The FDCPA seeks to remedy

abusive, deceptive, and unfair debt collection practices by debt collectors

against consumers."). Specifically, the FDCPA "prohibits unfair or

unconscionable collection methods, conduct which harasses, oppresses or

abuses any debtor, and the making of any false, misleading, or deceptive

statements in connection with a debt, and it requires that collectors make

certain disclosures." *Acosta v. Campbell*, 309 F. App'x 315, 319 (11th Cir.

2009) (*citing* 15 U.S.C. §§ 1692d, 1692e, 1692f).  The FDCPA defines a

"debt collector" as:

> any person who uses any instrumentality of interstate
> commerce or the mails in any business the principal purpose of
> which is the collection of any debts, or who regularly collects or
> attempts to collect, directly or indirectly, debts owed or due or
> asserted to be owed or due another.... [T]he term includes any
> creditor who, in the process of collecting his own debts, uses
> any name other than his own which would indicate that a third
> party is collecting or attempting to collect such debts. For the
> purpose of section 1692f(6) .... [S]uch term also includes any
> person who uses an instrumentality of interstate commerce or
> the mails in any business the principal purpose of which is the
> enforcement of security interests.

15 U.S.C. § 1692a(6).

"To prevail on an FDCPA claim, a plaintiff must establish that: (1) she has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a debt collector under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Frazier*, 767 F. Supp. 2d at 1363 (internal quotation marks and citations omitted). It is well-established that the FDCPA applies only to "debt collectors" and not to creditors or servicers. *See* 15 U.S.C. § 1692a(6); *see also Correa v. BAC Home Loans Servicing LP*, Case No. 6:11-cv-1197-Orl-22DAB, 2012 WL 1176701, at *11 (M.D. Fla. Apr. 9, 2012) (the "critical element is whether the defendant is a debt collector" as defined under the statute).  Under the FDCPA, "consumer's creditors, a mortgage servicing company, or an assignee of a debt are not considered 'debt collectors,' as long as the debt was not in default at the time it was assigned." *Reese v. JPMorgan Chase & Co.,* 686 F. Supp. 2d 1291, 1307 (S.D. Fla. 2009) (citation omitted); *see also* 15 U.S.C. § 1692a(6)(F)(iii).

In the present action, Khan does not allege that Navient is a debt collector as defined under the FDCPA.  As this is the critical element of an FDCPA claim, Khan's cause is due to be dismissed.

Turning next to the IFP Motion, Khan's financial affidavit filed in support attests that his monthly income exceeds his monthly expenses by $687.00, that he works as a substitute teacher and Uber driver, that he owns his own home, that he owns two (2) debt-free automobiles—2004 Honda Odyssey and 2005 Toyota Camry—and that he has $1,200.00 cash on hand in his savings account.  ECF No. 2.  As a result, Khan's access to the courts does not seem to be blocked by his financial status. *See Robinson v. Consumer Rights Law Group, LLC,* Case No. 8:15-cv-2470-T-23MAP, 2016 WL 11580673, at * 2 (M.D. Fla. Aug. 17, 2016) (recommending denying plaintiff's motion to proceed as a pauper where his monthly income exceeded his monthly expenses by $2,027.00) (*citing Jackson v. Hovg LLC d/b/a Bay Area Credit Service,* Case No. 3:16-cv-481-J-20MCR, 2016 WL 3023853 (M.D. Fla. Apr. 29, 2016) (finding plaintiff and wife's monthly earnings of $4,200 sufficient to allow plaintiff to provide necessities for himself and his dependents, that their household expenses of $5,998.00 seemed inflated, and that he is able to pay filing fee and costs associated with action "without undue hardship" and that he did not meet financial criteria to proceed *in forma pauperis*); *Miller v. U.S. Postal Service*, Case No. 8:13-cv-952-T-17AEP, 2013 WL 2250211 (M.D. Fla. May 22, 2013) (denying motion to proceed *in forma pauperis* where plaintiff

received $1,301 a month disability income and his spouse earned $1,200 a

month income which was greater than their monthly expenses and debts by

approximately $1,442.19); *Jones v. St. Vincents Health System*, Case No.

3:07-cv-177-J-32TEM, 2007 WL 1789242 (M.D. Fla. Jun. 19, 2007)

(adopting report and recommendation finding court costs associated with

pursuing plaintiff's suit not beyond plaintiff's reach and recommending

denial of *in forma pauperis* status where plaintiff and wife's average

monthly expenses did not exceed their monthly household income)

(citations omitted). Consequently, because Khan does not qualify as a

pauper Khan's Motion to Proceed in Forma Pauperis is due to be denied.

## II.  CONCLUSION

Upon due consideration and for the reasons explained above, the

undersigned respectfully **RECOMMENDS** that:

1.   The Complaint should be **DISMISSED without prejudice** and
Plaintiff should be permitted to file an amended complaint within
fourteen (14) days of the date the Court enters an order on this report
and recommendation.

2.  Plaintiff's IFP Motion, ECF No. 2, should be **DENIED** and Plaintiff
should be ordered to pay the filing fee within fourteen (14) days of the

Court's order on this report and recommendation.

**IN CHAMBERS** at Gainesville, Florida, this 28th day of March 2022.


*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


### NOTICE TO PLAINTIFF


**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> If Plaintiff fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, Plaintiff waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.