UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

HARIS N. KHAN,

    Plaintiff,

v.                                                          Case No. 1:22-cv-73-MW/MJF

NAVIENT CORPORATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Because Plaintiff has failed to prosecute this action and has failed to comply with court orders, the undersigned recommends that the District Court dismiss this action without prejudice.

### I. BACKGROUND

On March 25, 2022, Plaintiff, proceeding *pro se*, initiated this action. Doc. 1. On March 28, 2022, because Plaintiff failed to state a plausible claim for relief, United States Magistrate Judge Gary R. Jones recommended that Plaintiff's complaint be dismissed without prejudice and that Plaintiff be permitted to file an amended complaint. Doc. 4. On April 14, 2022, Chief United States District Judge Mark E. Walker adopted Judge Jones's recommendation and ordered Plaintiff to file an amended complaint on or before May 4, 2022. Doc. 6. Plaintiff did not comply with Chief Judge Walker's order.

On July 12, 2022, Judge Jones ordered Plaintiff to explain and show cause why he failed to comply with Judge Walker's order of April 14, 2022. Doc. 7. Judge Jones imposed a deadline of July 27, 2022, to comply. Judge Jones warned Plaintiff that his failure to comply with the order likely would result in a recommendation that this case be dismissed. As of the date of this report and recommendation, Plaintiff has not complied with Judge Jones's order.

## II. DISCUSSION

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *see, e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (noting a court's inherent power to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)). Courts need not wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286-

87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with a court order); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999) (noting that the Supreme Court has "long held that courts may dismiss actions on their own motion in a broad range of circumstances").

On April 14, 2022, Chief Judge Walker ordered Plaintiff to file an amended complaint. Doc. 6. Despite having *almost four months* to comply with Chief Judge Walker's order, Plaintiff has not prosecuted this action in any respect. He also has not complied with Judge Jones's order to show cause. For these reasons, the undersigned recommends that this action be dismissed without prejudice.

### III. CONCLUSION

Because Plaintiff has failed to prosecute this action and has failed to comply with court orders, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice.
2. Order the clerk of the court to close this case.

At Pensacola, Florida, this 5th day of August, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**